In the Matter of David K. HARRIS,
Debtor.

Eleanor M. "Lee" ROSS, Trustee
Plaintiff,

v.

Herbert L. KAPLAN, Trustee Defendant.

Bankruptcy No. 80–00119–BKC–SMW.
Adv. No. 80–00156–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Dec. 5, 1980.

Arthur S. Weitzner, Coral Gables, Fla., for plaintiff.

Harold Friedman, Miami, Fla., for debtor.

Herbert L. Kaplan, Miami, Fla., for trustee.

Samuel R. Danziger, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a Complaint to direct the turnover of property and for injunctive relief, filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This Complaint seeks turnover order and injunctive relief concerning certain assets of the Debtor that were transferred within one year of bankruptcy. On February 25th, 1980, the within named Debtor filed voluntary proceedings pursuant to Chapter 7, of the United States Bankruptcy Code. The Plaintiff, Trustee herein, was duly appointed and served in that capacity to date.

On or about June 27th, 1980, the Trustee commenced this Adversary Proceeding. The Defendant answered this case and it was initially tried on September 6th, 1980. At that time both parties rested; however, the Debtor who was called as a witness in this case sought leave to file a defense of the Trustee's action on behalf of his minor children which was filed on or about November 3rd, 1980. The testimony concerning additional defenses raised by the intervention were heard on December 2nd, 1980 and at that time all parties rested. By prior Order of Court dated August 8th, 1980, the Defendant has been restrained until further Order of Court from transferring in any manner, whatsoever, the property which is the subject matter of this litigation; said restraining order supersedes prior restraining orders, the first of which was entered on April 8th, 1980.

The facts of this case are as follows: On/or about August 3rd, 1979, the Debtor entered into a trust agreement for the benefit of his children, EDWARD J. HARRIS, LISA R. HARRIS and JULIE K. HARRIS. The Defendant, HERBERT KAPLAN, agreed to serve as Trustee (together with his spouse). At that time, the Debtor transferred to the Defendant, KAPLAN, the following described property:

A. A 20.85% interest in Apartments Limited

B. 10% interest in Midwest Properties # 4

C. I.R.E. Promissory Note dated April 1st, 1979 with a face value of $15,000.00.

The Debtor's schedules reflect that at the time of bankruptcy he owed total debts in excess of $800,000.00. At the time of trial conducted herein, the Debtor admitted that the vast majority of this indebtedness was due and owing for more than one year prior to the filing of his petition. The Debtor further testified that the only property of value that he owned during 1979 is the property that was transferred to his children and that is the subject matter of this lawsuit.

Based upon these factors, the Court concludes that the Debtor committed a fraudulent transfer as defined by § 548(a) of the United States Bankruptcy Code in that the transfer was made within a year of bankruptcy and was either under subsection (1) "made ... with actual intent to hinder, delay or defraud any entity to which the

Debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted"; or (2)(A) "received less than a reasonably equivalent value in exchange for such transfer or obligation"; and (B)(i) "was insolvent on the day that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation".

■ Nor is the Court dissuaded from this finding by the attempted demonstration of consideration offered by the Debtor pursuant to his intervention. The Debtor attempted to show that the beneficiaries of this transfer, his minor children, had previously loaned $200,000.00 to a corporation know as P. H. HOLDING, CO., a Florida corporation and the notes that the children held were, at the time of the transfer, worthless. No testimony was introduced demonstrating that the Debtor was indebted to his children in any amount whatsoever; however, even if the Debtor was so indebted, this transfer should be vacated as a voidable preference pursuant to § 547 of the United States Bankruptcy Code because it was made to an insider, children of the Debtor, as defined by § 101(25) USBC and the Debtor's own knowledge of his financial condition can be imputed to his minor children.

Accordingly, the Court concludes that the Plaintiff/Trustee has sustained its burden of proof required by §§ 547 and 548 of the United States Bankruptcy Code and the property, which is the subject matter of this litigation, should be turned over to said Trustee. The Court will enter a Final Judgment in accordance with these findings and facts.